IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ANDREW SCOTT FULKERSON,     §
                            §
     Plaintiff,             §
                            §
VS.                         §   NO. 4:18-CV-880-A
                            §
WEHNER MULTIFAMILY, LLC,    §
                            §
     Defendant.             §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wehner Multifamily, LLC, to dismiss, or alternatively, motion for judgment on the pleadings. The court, having considered the motion, the response of plaintiff, Andrew Scott Fulkerson, the record, and applicable authorities, finds that the motion to dismiss should be granted.

I.

Plaintiff's Claims

On October 26, 2018, plaintiff filed his complaint in this action. Doc.[1] 1. In it, he alleges:

Plaintiff resided in apartment #113 at the Primavera Apartment Complex in Fort Worth, Texas. Doc. 1, ¶ 1. Defendant operates the apartment complex. Id., ¶ 2. The resident of apartment #413 engaged in drug trafficking activities at the apartment complex and plaintiff believes he paid rent to

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

defendant's employees to engage in those activities. Id., ¶ 7. Public records show that there have been 11 firearms-related incidents at the apartment complex. Id., ¶ 9. On October 15, 2018, defendant's employee admitted during a jury trial in Justice of the Peace court that she had signed for a package shipped to plaintiff without plaintiff's authorization. Id., ¶ 10. Defendant is unlawfully using the name "Primavera Apartments" to do business because it has not filed an assumed name certificate. Id., ¶ 11. Because plaintiff does not have a valid assumed name certificate, its eviction proceeding against plaintiff and others in Justice of the Peace Precinct 8, Case Number JP08-18-E-95395, was unlawful. Id., ¶ 12.

Plaintiff purports to assert five causes of action. Count I says that defendant knowingly and intentionally accepted funds derived from a state law narcotics felony and caused plaintiff damages. Doc. 1 at 5. Count II says that defendants [sic] are liable for state law premises liability for failure to maintain the gates to their [sic] property. Id. at 5-6. Count III says that defendant's employee committed a RICO predicate offense in violation of 18 U.S.C. § 659. Id. at 6. Count IV says that defendant filed an eviction against plaintiff with the intent to corruptly influence, obstruct, or impede the due administration of justice in violation of 18 U.S.C. § 1505. Id. at 7. And, Count

V is titled "Respondeat Superior" and alleges that defendant is responsible for the actions of its employees. Id. at 7-8.

## II.

### Grounds of the Motion

Defendant maintains that plaintiff has not alleged sufficient facts to state a plausible claim for relief on any of his causes of action.

## III.

### Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are

unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. <u>Iqbal</u>, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. <u>Scanlan v. Tex. A&M Univ.</u>, 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir.

1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

In his response to the motion, plaintiff clarifies that the basis for his first cause of action (and perhaps others) is RICO. Doc. 10. The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"), provides a private civil action to recover damages for injury to one's business or property by the conduct constituting the violation. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481 (1985). A plaintiff only has standing if he has been injured in his business or property. Id. at 496. He must allege a direct, concrete, and particularized injury proximately caused by defendant's conduct. Sheshtawy v. Gray, 697 F. App'x 380, 382 (5th Cir. 2017). Personal injuries and losses flowing therefrom are insufficient to establish RICO standing. Vickers v. Weeks Marine, Inc., 414 F. App'x 656, 657 (5th Cir. 2011); Evans v. City of Chicago, 434 F.3d 916, 931 (7th Cir. 2006). And, civil rights violations do not constitute

5

racketeering activity within the meaning of RICO. Bowen v. Oistead, 125 F.3d 800, 806 (9th Cir. 1997).

The prohibited activities under RICO are: Use of income derived from a pattern of racketeering activity to acquire an interest in or establish an enterprise engaged in or affecting interstate commerce (18 U.S.C. § 1962(a)); acquisition or maintenance of any interest in an enterprise through a pattern of racketeering activity (18 U.S.C. § 1962(b)); conducting or participating in the conduct of an enterprise through a pattern of racketeering activity (18 U.S.C. § 1962(c)); and conspiring to violate any of these provisions (18 U.S.C. § 1962(d)). Sedima, 473 U.S. at 482-83.

"A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 441 (5th Cir. 2000). In other words, plaintiff must plead facts establishing that at least one of the defendants has committed two or more predicate acts and the same defendants will likely continue to commit these acts.

Section 1961 lists all of the predicate acts that constitute racketeering activity. 18 U.S.C. § 1961(1). One of the predicate acts is dealing in a controlled substance "which is chargeable

under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A). Another is mail fraud. 18 U.S.C. § 1961(1)(B). An element of RICO mail fraud is scienter. See St. Paul Mercury Ins. Co., 224 F.3d at 441. Thus, to adequately allege mail fraud as a predicate act, plaintiff must allege facts establishing that the mailing was made with the intent to defraud. Crowe v. Henry, 115 F.3d 294, 297 (5th Cir. 1997). To the extent any of the underlying predicate acts are based on fraud, they must be pleaded with particularity as required by Fed. R. Civ. P. 9(b). Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1138-39 (5th Cir. 1992).

An enterprise is a group of persons or entities associating for the common purpose of engaging in a course of conduct. Whelan v. Winchester Prod. Co., 319 F.3d 225, 229 (5th Cir. 2003). The statute defines "enterprise" as including any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity. 18 U.S.C. § 1961(4). The enterprise must be an entity separate and apart from the pattern of activity in which it engages. United States v. Turkette, 452 U.S. 576, 583 (1981). Moreover,

> The defendant who commits the predicate offenses must also be distinct from the enterprise. If the defendant is a legal entity, the plaintiff[] must do more than merely establish that the corporation, through its

7

agents, committed the predicate acts in the conduct of
its own business. If the enterprise alleged is an
"association in fact" enterprise, the plaintiff must
show evidence of an ongoing organization, formal or
informal, that functions as a continuing unit over time
through a hierarchical or consensual decision-making
structure. The fact that officers or employees of a
corporation, in the course of their employment,
associate to commit predicate acts does not establish
an association-in-fact enterprise distinct from the
corporation. Finally, the plaintiff must plead specific
facts which establish that the association exists for
purposes other than simply to commit the predicate
acts.

Elliott v. Foufas, 867 FG.2d 877, 881 (5th Cir. 1989)(citations omitted).

In this case, plaintiff has pleaded nothing more than conclusory allegations to support his RICO claim. He does not identify the subsection of § 1962 he alleges was violated.[2] It does not appear that plaintiff has standing to assert the claim.[3] Moreover, at most, he has alleged that defendant received proceeds from the sale of narcotics, not that defendant was part of an enterprise that was engaged in continuing racketeering activity as defined by the statute.

---

[2] Presumably, plaintiff relies upon § 1962(c), which requires that he allege (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, among other things. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).

[3] The court takes judicial notice of the judgment in the proceeding in the Justice of the Peace Court, Precinct Eight, to which plaintiff refers in his complaint, which reflects that plaintiff was merely an occupant of the apartment described in the complaint and that the tenants failed to pay rent and lost possession of the premises. Doc. 9, Ex. 1.

As for plaintiff's claims regarding violations of 18 U.S.C. § 659 and 18 U.S.C. § 1505, violations of criminal statutes do not give rise to private rights of action. See Grant v. CPC Logistics Inc., No. 3:12-CV-200-L(BK), 2012 WL 601149, at *1 (N.D. Tex. Feb. 1, 2012), adopted, 2012 WL 601128 (N.D. Tex. Feb. 23, 2012); Paselk v. Bayview Loan Serv., LLC, No. 6:16-CV-1383-RWS-KNM, 2017 WL 4294130, at *6 (E.D. Tex. Aug. 11, 2017), adopted, 2017 WL 4285685 (E.D. Tex. Sept. 27, 2017), aff'd, 2018 WL 6839648 (5th Cir. Dec. 28, 2018). To the extent they are alleged (or intended) to be predicate acts under RICO, plaintiff has not pleaded sufficient facts to show anything more than that a particular person did bad things.

To the extent plaintiff purports to assert a state law claim for premises liability, the facts alleged show that plaintiff voluntarily exposed himself to HIV as a result of his providing aid to a shooting victim. Doc. 1, ¶ 18. Nothing about this incident as described by plaintiff gives rise to a cause of action against defendant.

Finally, respondeat superior is not a separate cause of action, but rather a theory of liability under which an entity is liable for the acts of its employees. See Cluck v. SVCS-Austin, L.P., No. A-16-CV-1216-RP, 2017 WL 6459809, at *4 n.6 (W.D. Tex.

Dec. 15, 2017), accepted, 2018 WL 1278214 (W.D. Tex. Mar. 9, 2018); Haskett v. Capital Land Servs., Inc., No. 3:14-CV-00279, 2015 WL 12556307, *6 n.2 (S.D. Tex. Dec. 9, 2015).

In his response, plaintiff says in passing that he should be allowed an opportunity to replead before his claims are dismissed.[4] However, he has not provided a proposed amended complaint. Nor does he allege what facts could be pleaded to support his claims.[5] The court is satisfied that amending the complaint would be a futile act, given the facts that have already been pleaded. In particular, there is no reason to believe that plaintiff has not already pleaded his best case. See Doc. 10 at penultimate page (alleging that discovery might give rise to evidence to support plaintiff's claims). Further, it does not appear that plaintiff could establish standing in any event. And, the enterprise element appears to be made of whole cloth.

---

[4]The title of the response does not reflect that it includes a motion for leave to amend. See Local Civil Rule LR 5.1(c).

[5]A party who wishes to amend must provide a copy of the proposed amended pleading as an exhibit to the motion for leave and submit the original and a copy of the amended pleading to the court so that it can be filed if the motion is granted. See Local Civil Rule LR 15.1(a).

10

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed.

SIGNED January 3, 2019.

JOHN McBRYDE
United States District Judge